UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )
PAUL J. CAMERON, et al., | )
| )
Plaintiffs, | )
| )
v. | )  Civil Action No. 08-12010-LTS
| )
IDEARC MEDIA CORP., | )
| )
Defendant. | )

ORDER ON PLAINTIFFS' MOTION TO FOR LEAVE TO FILE SUPPLEMENT,
DEFENDANT IDEARC'S MOTION TO STRIKE AND DEFENDANT ALCOTT'S
MOTION FOR ENTRY OF JUDGMENT

December 2, 2010

SOROKIN, M.J.

Currently pending are three motions: (1) the Plaintiffs' Motion to Supplement the First Amended Complaint (Docket #24-1); (2) Defendant Idearc's Motion to Dismiss and Strike Portions of the Proposed Supplement; and, (3) Defendant Alcott's Motion for Entry of Judgment pursuant to Fed. R. Civ. P. 54(b).

PROCEDURAL BACKGROUND

On December 3, 2008, the Plaintiffs (five individuals who had been employed as sales representatives by Idearc) filed a ten-count Complaint against their union, their employer Idearc, four individuals (the union president and three Idearc employees) and Hewitt Associates, the Plan Administrator for Idearc's Pension Plan. Docket # 1. On January 6, 2009, the Union and Union President filed dispositive motions pursuant to Fed. R. Civ. P. 12(b)(6). Docket # 13. On

1

February 6, 2009, the Plaintiffs filed a Motion to Amend and a Proposed First Amended Complaint. Docket #s 24, 24-2. On February 20, 2009, Idearc and its three individual employees filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Docket # 32. Defendant Hewitt Associates, Inc. answered the Complaint. Docket #39. Prior to the Court's resolution of the Motion to Amend and the two Rule 12 motions, Defendant Idearc filed a Suggestion of Bankruptcy. Docket # 51.

On August 13, 2009, the Court allowed the Motions to Dismiss of the Union and the Union President Alcott. Docket # 56. The Court also allowed that portion of the Motion for Judgment on the Pleadings that pertained to the individual defendant employees of Idearc. Id. In light of the Suggestion of Bankruptcy, the Court stayed action on that portion of the Motion for Judgment on the Pleadings that pertained to Idearc. Id. The Court also denied the Motion to Amend, except to the extent that it sought to add claims against Idearc, and adjudication of that portion of the motion was likewise stayed. Id.

The Bankruptcy Court thereafter permitted this case to proceed, provided that this Court consider the claims raised by Plaintiffs in the adversary proceeding in Bankruptcy Court and move this case on an expedited basis. Accordingly, the Court vacated the stay and addressed the un-adjudicated portions of the Plaintiff's Motion to Amend and Idearc's Rule 12(c) motion, permitting the Plaintiffs to advance against Idearc only the Count I claim for violation of the ADEA and the Count XI claim on for violation of ERISA. Docket # 76. The Motion to Amend was otherwise denied as futile, and Idearc's motion was allowed with respect to all other claims against it. Id. The Court also allowed the Plaintiffs to "file a proposed supplement setting forth additional ERISA claims they seek to pursue and the additional factual allegations, if any,

necessary to support these claims." Id. at 4.

In their Supplement, the Plaintiffs advance two additional ERISA claims against Idearc. They allege in the first claim that Idearc took adverse actions against the Plaintiffs with the goals of interfering with the ERISA benefits of the employees, who were senior employees "whose near-term benefits were high in amount" (See Docket # 79-1 at ¶ 26) and of retaliating for the filing of this lawsuit (which included ERISA claims) by concealing their rights to reinstatement under the applicable CBA and otherwise failing to reinstate them (See Id. at ¶ 28). The second claim is for equitable relief in the form of reinstatement. Id. at ¶¶ 31 ff.

Idearc objects to certain portions of the Supplement, and moves pursuant to Fed. R. Civ. P. 12(f) for the Court to dismiss those portions. Docket # 82. It is ORDERED that the final two sentences of paragraph eight, and the entirety of paragraphs thirty-two through thirty-four of the Supplement are hereby stricken. The stricken paragraphs express only legal arguments. The Court will treat the remainder of Count II (paragraphs thirty and thirty-one) as expressing a prayer for relief pursuant to the cited ERISA provision and based upon the prior factual allegations.

Idearc's request to dismiss all of those portions of the Supplement that restate the earlier alleged violations of the CBA is DENIED, WITHOUT PREJUDICE. In this pleading, the Plaintiffs claim, for example, that Idearc raised the minimum sales performance standard from 30 percent to 70 percent "for the purpose of interfering with their protected rights to attain and receive benefits under the Pension Plan as Plan participants" and that the Plaintiffs "were set up to be fired in order to cut short their attainment of ERISA benefits." Docket # 79-1 at ¶ 26. The Plaintiffs may make these factual allegations in support of the alleged violation of ERISA. The

purpose of these supplemental allegations, however, is far from clear in light of the fact that the Plaintiffs have already made essentially the same allegations in the operative First Amended Complaint.  See Docket # 24-2 at ¶¶ 39, 42 & 96 (alleging that defendants terminated plaintiffs to prevent them from obtaining further pension benefits and disparately treated older workers under the minimum standards plan).  The Court also declines to strike the allegations of retaliation set forth or summarized in the Supplement at paragraph twenty-nine.  Regarding both sets of allegations, however, the Court notes that the previously-asserted claims alleging violations of the CBA and breach of the duty of fair representation have been resolved.  To prevail, the Plaintiffs must establish violations of ERISA.

For the foregoing reasons, the Motion for Leave to File Supplement (Docket #79) is ALLOWED IN PART and DENIED IN PART, as described herein.  Idearc's Motion to Strike (Docket # 82) is also ALLOWED IN PART and DENIED IN PART, as described herein.

The Motion for Entry of Judgment pursuant to Fed. R. Civ. P. 54(b) (Docket # 83) is DENIED.  Regarding discovery from the Union or its officials or employees, the Parties are reminded that the remaining claims allege age discrimination and violations of ERISA, and that the claims alleging breaches of the CBA or of the duty of fair representation have been resolved, and that discovery should be focused accordingly.

Finally, the Court anticipates no further amendments to the Complaint.

                              SO ORDERED.


                                    /s / Leo T. Sorokin
                              UNITED STATES MAGISTRATE JUDGE